UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RICKY JOE RAPIER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:11 CV 83 |
| v. | ) | |
| | ) | |
| BRUCE LEMMON, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Ricky Joe Rapier, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE # 17.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under 28 U.S.C. § 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In screening the complaint, however, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Rapier asserts that his procedural due process rights were violated in a prison disciplinary proceeding held at Miami Correctional Facility. (DE # 17 at 4-10.) It

is apparent from the attachments to the complaint that the disciplinary proceeding lengthened the duration of Rapier's confinement, because he lost earned time credits and received a credit class demotion. (*See* DE # 17-1 at 7-8.) Therefore, the appropriate vehicle for Rapier to challenge the disciplinary proceeding is a habeas corpus petition, not an action under 42 U.S.C. § 1983. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001). Rapier cannot seek damages for the violation of his due process rights unless and until the disciplinary sanction is overturned "by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (*Heck* doctrine applies to civil rights suits that would necessarily imply the invalidity of a prison disciplinary sanction). Accordingly, this action must be dismissed without prejudice.

For the reasons stated above, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

                                **SO ORDERED**.

Date: June 7, 2011

                            s/James T. Moody
                            JUDGE JAMES T. MOODY
                            UNITED STATES DISTRICT COURT